UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-01561-JMS-MJD |
| | ) |
| CITY OF INDIANAPOLIS, et al. | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' *Motion to Dismiss* [Dkt. 24], Defendants' *Motion to Transfer Case to the Judicial Officers who Handled the Related, Earlier-Filed Case* [Dkt. 23], and Plaintiff's *Motion to Amend Complaint* [Dkt. 33.] On March 6, 2018, District Judge Jane Magnus-Stinson designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 48.] For the reasons set forth below, the Magistrate Judge recommends that Defendants' motion be **GRANTED** and Plaintiff's motion be **DENIED**.

**I.   Background**

In this action, Plaintiff asserts various claims arising out of tax sale proceedings initiated by Marion County relating to a property owned by Plaintiff. The factual allegations surrounding this lawsuit have served as the basis for multiple *pro se* lawsuits filed in Indiana state and federal courts. A brief procedural history serves to put the current motion to dismiss into perspective.

On February 21, 2014, Plaintiff filed a lawsuit in Marion Superior Court alleging constitutional violations relating to the intended tax sale of Plaintiff's property for failure to pay

1

real estate taxes. Defendants removed the case, which was then docketed in the Southern District of Indiana as *Wayde Coleman v. City of Indianapolis, et. al*, Cause No. 1:14-cv-386-WTL-DML ("*Coleman I*"). Plaintiff later amended that complaint to add claims related to defendants' alleged failure to provide notice of the sale and respond to his requests for appeal.

In *Coleman I*, the court dismissed most of Plaintiff's claims for lack of subject matter jurisdiction based upon *Rooker-Feldman* doctrine because his alleged injuries flowed from the state court judgment that gave Marion County the authority to sell the property. [*Coleman I*, Dkt. 65.] Plaintiff then pursued those claims in state court, which ultimately set aside the tax deed, finding it void because Marion County had not provided Coleman with all of the notices due pursuant to statute before the judgment was obtained. The court dismissed the remaining claims in *Coleman I* on defendants' motion for summary judgment based upon Plaintiff's failure to demonstrate injury, constitutional or otherwise, due to his alleged lack of notice of the sale. [*Coleman I*, Dkt. 96 at 6.] The court noted, "[T]he fact is that Coleman's lawsuit was successful and he is once again the owner of record; thus, he is receiving the benefit of any work that he has done on the Property." *Id*.

After Plaintiff regained ownership of the property, he filed a complaint for damages in Marion Circuit Court ("*Coleman II*"), Cause No. 49C01-1606-CT-023136, which was dismissed without substantive opinion on defendant's motion for summary judgment on November 15, 2017.

Plaintiff filed this action ("*Coleman III*") on May 12, 2017. [Dkt. 1.] The allegations in Plaintiff's Refiled Verified Civil Rights Complaint and Request for Emergency Injunctive Relief generally mirror those in *Coleman I*. The first paragraph of Plaintiff's Complaint notes, "Coleman decided to refile his Complaint and readdress ALL his claims in a New Case." [Dkt. 1

at 2.] Defendants assert the claims against City of Indianapolis should be dismissed for lack of subject matter jurisdiction, as already determined by the court in *Coleman I*. In the alternative, Defendants assert the claims are barred by the statute of limitations. Defendants further assert the allegations against Lichtenberger and Schneeman fail to state plausible claims and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not file a response to this motion, but rather filed a Motion to Amend Complaint [Dkt. 33] which will be addressed at the conclusion of this order.

## II.  Legal Standard

A Rule 12(b)(1) motion seeks dismissal of an action for lack of subject matter jurisdiction. The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants*, Inc., 570 F.3d 907, 913 (7th Cir. 2009). The Court may take judicial notice of matters in public record, including court documents, in deciding a motion to dismiss without converting it to a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). If the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action as to all defendants. *See* Fed. R. Civ. P. 12(h)(3).

A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise[s] a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

Plaintiff asserts twelve claims against Defendants. As will be discussed below, the Court either lacks subject matter jurisdiction over the claims against the City of Indianapolis, as previously held in *Coleman I*, or the claims are barred by *res judicata*. The claims against Defendants Lichtenberger and Schneeman are analyzed separately as they were not defendants in *Coleman I*.

#### A. Claims Against City of Indianapolis

In *Coleman I*, the court dismissed the majority of Plaintiff's claims for lack of subject matter jurisdiction based upon the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over cases in which "plaintiffs request . . . a federal district court to overturn an adverse state court judgment." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citation omitted). The *Rooker-Feldman* doctrine "deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Commonwealth Plaza Condo. Ass'n v. City of Chi.*, 693 F.3d 743, 745 (7th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

While the court in *Coleman I* found the majority of the injuries claimed by Plaintiff "fall under the *Rooker-Feldman* umbrella", a narrow portion of Plaintiff's claims survived the motion to dismiss. [*Coleman I*, Dkt. 65 at 6.] The court reasoned that to the extent Plaintiff sought compensation for the time, effort and money he spent working on the property during the time he was not its rightful owner, those alleged injuries were independent from the state court judgment

that led to the taking of the property. Specifically, Coleman alleged his property was taken in March 2014 but he did not receive notice of the taking until May 2014. In the meantime, Coleman asserts he made costly improvements to the property that were lost. [*Coleman I*, Dkt. 65 at 4-5.] In that limited respect, the court allowed Plaintiff's claims to proceed. On December 28, 2016, the court entered summary judgment against Plaintiff, finding that he did not demonstrate an injury separate from the taking of the property. [*Coleman I*, Dkt. 96.]

Each of the claims against Defendant City of Indianapolis must be dismissed. Claims One, Two, Three, Five, Six, Seven, Eight, Ten, Eleven, and Twelve assert allegations of injuries arising out of the tax sale. The federal court lacked subject matter jurisdiction over those claims in *Coleman I*, and it continues to lack subject matter jurisdiction today. Marion Circuit Court has "exclusive continuing supervisory jurisdiction over all matters and claims relating to the tax sale." Ind. Code § 6-1.1-24-4.7. This jurisdictional defect cannot be cured. Consequently, these claims should be dismissed with prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Claims Four and Nine allege Defendants' failure to give proper notice of the tax sale resulted in the loss of Plaintiff's improvements to the property – the same claims dismissed at summary judgment in *Coleman I*. Res judicata, or claim preclusion, bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997). The Court should dismiss these claims because each of the elements of *res judicata* are met here.

5

Whether there is an identity of the cause of action depends on "whether the claims comprise the same core of operative facts that give rise to a remedy." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). This means that the current matter and the previously litigated matter are based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence. *Bernstein v. Bankert,* 733 F.3d 190, 226 (7th Cir. 2013). Here, the factual allegations in both complaints arise from the Marion County judgment and tax sale. The final two elements likewise are easily met – Plaintiff brought these claims against the City of Indianapolis in both lawsuits and the court granted summary judgment to the City of Indianapolis on the claims in *Coleman I*. Consequently, Claims Four and Nine against the City should be dismissed with prejudice as they are barred by *res judicata*.

### B. Claims against Lichtenberger and Schneeman

Plaintiff asserts each claim in the complaint against counsel Lichtenberger and Schneeman, who represented City of Indianapolis in *Coleman I,* in their individual capacities. Ten of the twelve claims should be dismissed for lack of subject matter jurisdiction, as discussed above. Claims Four and Nine should be dismissed as to Lichtenberger and Schneeman pursuant to Rule 12(b)(6).

Plaintiff attempted to add Lichtenberger and Schneeman to *Coleman I* in an amended complaint (with allegations identical to those presented here), but the court denied his request. [*Coleman I,* Dkt. 24 at 3.] The same deficiencies with regard to Lichtenberger and Schneeman exist in this complaint as existed in *Coleman I*. The allegations do not state plausible claims for individual liability for "acting outside the scope of [their] capacity." Further, the court in *Coleman I* determined Plaintiff did not establish that he suffered damages separate from the taking of the property. In fact, as the court noted, Plaintiff's ownership of the property was

restored by the Marion Circuit Court, allowing Plaintiff to retain any benefits to the improvements he made upon the property. [*Coleman I*, Dkt. 96 at 6.] Consequently, Plaintiff cannot state a claim for damages against Lichtenberger and Schneeman based upon the same allegations asserted in *Coleman I*. These claims should be dismissed with prejudice pursuant to Rule 12(b)(6).

### IV.  Leave to Amend

In response to Defendants' motion to dismiss, Plaintiff filed a Motion to Amend Complaint. [Dkt. 33.] The proposed amended complaint asserts fewer claims, but those claims suffer from the same deficiencies cited above. Leave to amend pleadings is to be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court, however, may deny leave to amend a complaint when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Phamacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). Futility is measured by the capacity of the amendment to survive a motion to dismiss. *See Crestview Village Apts. v. U.S. Dep't Of Housing & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). That means a proposed amendment must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

Allowing Plaintiff's proposed amended complaint would be futile because the claims cannot withstand a motion to dismiss for the reasons set forth above. Consequently, the Magistrate Judge recommends Plaintiff's Motion to Amend [Dkt. 33] be **DENIED**.

### V.  Conclusion

Based on the foregoing, the Magistrate Judge recommends Defendants' *Motion to Dismiss* [Dkt. 24] be **GRANTED** and Plaintiff's claims be dismissed with prejudice. As the

defects in Plaintiff's claims cannot be cured, the Magistrate Judge further recommends Plaintiff's *Motion to Amend Complaint* [Dkt. 33] be **DENIED** and Defendants' *Motion to Transfer Case to the Judicial Officers who Handled the Related, Earlier-Filed Case* [Dkt. 23] be **DENIED AS MOOT**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  15 MAR 2018

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

WAYDE COLEMAN
433 N Gibson Ave
Indianapolis, IN 46219

Tara Lynn Gerber
City of Indianapolis
tara.gerber@indy.gov

Lauren Nicole Hodge
OFFICE OF CORPORATION COUNSEL
lauren.hodge@indy.gov

Gregory J. Ullrich
HEALTH AND HOSPITAL CORP. OF MARION CO.
gullrich@hhcorp.org