UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-01561-JMS-MJD ) |
| CITY OF INDIANAPOLIS Real party, DAVID LICHTENBERGER, in his individual capacity, PAMELA G. SCHNEEMAN, in her individual capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

This case arises out of a property dispute between *pro se* Plaintiff Wayde Coleman and Defendants the City of Indianapolis (the "City"), David Lichtenberger, and Pamela Schneeman (the "Individual Defendants") (collectively, "Defendants"). Presently pending before the Court is Mr. Coleman's Objection to the Report and Recommendation on Defendants' Motion Dismiss, Defendants' Motion to Transfer Case, and Mr. Coleman's Motion to Amend the Complaint. [Filing No. 58.] For the reasons set forth herein, the Court **OVERRULES** Mr. Coleman's Objection, and **ADOPTS AS MODIFIED** the Magistrate Judge's Report and Recommendations.

### I.
#### BACKGROUND

This case centers around property owned by Mr. Coleman (the "Property"). Over the span of nearly ten years, Mr. Coleman has been involved in disputes with the City over taxes and fees owed on the Property, including several attempted tax sales. Those actions have been the subject of a number of *pro se* lawsuits filed by Mr. Coleman in both state and federal court. Mr. Coleman's Complaint in this matter details these various lawsuits, as well as the facts underlying them. In

presenting the facts and procedural history, which are intertwined, the Court draws in part from its prior recitation of those facts, *Coleman v. City of Indianapolis, et al,* 2015 WL 5432131 (S.D. Ind. 2015) ("*Coleman I*"), and in part from the Magistrate Judge's Report and Recommendations, [Filing No. 49].

In 2006, Mr. Coleman acquired ownership of the Property. Because of delinquent taxes and unpaid special assessments, penalties, and costs, on March 15, 2010, the Marion Circuit Court issued a "Judgment and Order for Sale" allowing the Property to be offered in the 2009 Marion County Tax Sale, which was held in March 2010. When the Property did not sell in the tax sale, by operation of law, Marion County acquired a tax sale certificate for the Property. In November 2010, the Marion Circuit Court, on the motion of the Marion County Auditor, issued an Order for Issuance of Tax Deed. Although the court's order authorized Marion County to exchange its tax sale certificate for a tax deed to the Property, Marion County did not act until 2014, when it decided to offer the Property for sale in the surplus real estate auction to be held on March 21, 2014. In the meantime, Mr. Coleman attempted to make payments to the County but was told that partial payments were not permitted and that he would have to make the full payment of approximately $12,000 to keep the Property. Mr. Coleman determined that, through a clerical error, the County Clerk had sent notices to an incorrect address (the Property's address instead of the address at which he resided). He sent several letters of appeal, but received no response.

After making an inquiry, Mr. Coleman received notice that the Property was to be offered in the surplus real estate auction in March 2014. He then filed suit against the City in the Marion Superior Court (*Coleman I*), alleging that he never received notice of the transfer of his property in 2010 and that the transfer violated his constitutional rights in numerous respects. On March 12, 2014, the City removed that case to this Court, where it was assigned to Judge William Lawrence.

Mr. Coleman later amended his complaint to add claims related to the City's alleged failure to provide notice of the tax sale or to respond to his requests for appeal. On March 20, 2014, the County exchanged its tax sale certificate for the tax deed. Unaware that the County had taken ownership of the Property, Mr. Coleman made repairs on it, believing that such repairs might lessen the amount in fees assessed. In late-May 2014, the County sent Mr. Coleman a letter advising him that it had taken ownership of the Property, and that he had no legal right of entry.

In September 2015, Judge Lawrence dismissed most of Mr. Coleman's claims, concluding under the *Rooker-Feldman* doctrine that this Court lacked subject matter jurisdiction over them. *Coleman I*, 2015 WL 5432131, at *3-4. The Court later granted the City's motion for summary judgment on Mr. Coleman's remaining claims. *Coleman I*, 2016 WL 7454459, at *3 (S.D. Ind. 2016). In its order granting summary judgment, the Court noted that, following its dismissal of the claims barred by *Rooker-Feldman*, Mr. Coleman was successful in state court. *Id.* ("[Mr.] Coleman then pursued those claims in state court. While it does not appear that his claims for damages have been resolved, the state court has issued a ruling setting aside the tax deed, finding it void because Marion County had not provided [Mr.] Coleman with all of the notices due pursuant to statute before the Judgment was obtained. Accordingly, [Mr.] Coleman is once again the owner of record of the Property.") After Mr. Coleman regained ownership of the Property, he filed a complaint for damages in Marion County Circuit Court. *Wayde Coleman v. Treasurer's Office et al*, Cause No. 49C01-1606-CT-023136 ("*Coleman II*"). The court in that action granted the City's motion for summary judgment without a substantive opinion on November 15, 2017, and Mr. Coleman appears to have appealed that decision.

And that brings the Court to the instant Complaint, filed by Mr. Coleman on May 12, 2017. [Filing No. 1.] On the basis of the factual allegations described above, Mr. Coleman enumerates

3

twelve causes of action: (1) "Right to be secure in his person, personal property, and/or home"; (2) Right to be secure in his person, personal property, and/or home from fraud, concealment or misrepresentation"; (3) "Right to be free from unreasonable seizure of home"; (4) "Right to be free from deprivation of liberty"; (5) "Right to be free from deprivation of property without due process clause"; (6) "Right to petition the government for redress of grievances without being in fear of retaliation"; (7) "Failing to investigate"; (8) "Incorporate due process…Brady Violation 33 U.S. at 83"; (9) "Right to be free from malicious abuse of process"; (10) "Transferring of property without proper notice"; (11) "Monell claim municipality for failure to train and discipline"; and (12) "Due process failure to give proper notice of all tax/surplus sale listings, redemption periods/collecting on tax deed." [Filing No. 1.]

Defendants have moved to dismiss Mr. Coleman's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Filing No. 24.] Defendants have also filed a Motion to Transfer Mr. Coleman's case to Judge Lawrence, on the basis that he presided over *Coleman I*. [Filing No. 23.] In response to the Motion to Dismiss, Mr. Coleman filed a Motion to Amend his Complaint. [Filing No. 33.] This Court referred those three motions to the Magistrate Judge, who issued his Report and Recommendations as to each. [Filing No. 49.] The Magistrate Judge recommended granting Defendants' Motion to Dismiss, denying Mr. Coleman's Motion to Amend, and denying as moot Defendants' Motion to Transfer. [Filing No. 49.] Mr. Coleman timely filed his objection to the Report and Recommendation. [Filing No. 58.]

## II.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(3) provides that the Court will review recommendations on dispositive motions *de novo*. Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3). Although no

deference is owed to a magistrate judge's recommendation under the *de novo* standard, *Blake v. Peak Prof. Health Servs. Inc.*, 1999 WL 527927, *2 (7th Cir. 1999), it is important to remember that this Court is essentially functioning as an appellate court in this context. Thus, even under *de novo* review, "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). As the Seventh Circuit Court of Appeals has observed, "there are good reasons for the rule," even in the context of *de novo* review. *Id.* Failure to fully develop arguments before the magistrate judge may prejudice a party, and "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id.*

When a motion is non-dispositive, the Court must modify or set aside any part of the magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

### III.
#### DISCUSSION

At the outset, the Court notes that the substance of Mr. Coleman's Objection to the Report and Recommendation is not entirely clear. Mr. Coleman states that he specifically objects to the conclusions that (1) Marion County Circuit Court has exclusive continuing supervisory jurisdiction over all matters relating to the tax sale; and (2) that amendment of the Complaint would

5

be futile because the claims within the Amended Complaint cannot survive a motion to dismiss. [Filing No. 58 at 2.] However, Mr. Coleman then states that "Plaintiffs [sic] certainly do not object to the R&R overall, its rigorous engagement with the issues, or its conclusion that Coleman's Amended Complaint fails as a Matter of Law (Res Judicata, Rooker vs Feldman)." [Filing No. 58 at 2.] Mr. Coleman proceeds *pro se*, so in the face of uncertainty, the Court construes his Objection broadly as applying to the entirety of the Magistrate Judge's Report and Recommendation.[1]

**A. Motion to Dismiss**

Defendants move to dismiss Mr. Coleman's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Filing No. 24.] They argue that the claims in this Complaint entirely overlap with those adjudicated in *Coleman I*. [Filing No. 25 at 8.] As a result, they contend that most of Mr. Coleman's claims against the City and the Individual Defendants are barred by the *Rooker-Feldman* doctrine and must be dismissed under Rule 12(b)(1). [Filing No. 25 at 8-11.] They further argue that those claims that are not barred by *Rooker-Feldman* are, in the case of the City, barred by *res judicata*. [Filing No. 25 at 8-11.] As to the Individual Defendants, they argue that the remaining claims are barred by the applicable statute of limitations and fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6). [Filing No. 25 at 8-11.] An order on a motion to dismiss is a dispositive one, so the Court considers *de novo* the arguments regarding the motion to dismiss.

---

[1] Complaints filed by *pro se* litigants "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. "A trial court is obligated to liberally construe a *pro se* plaintiff's pleadings." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (citation omitted).

*1. Legal Standards*

Federal Rule of Civil Procedure 12(b)(1) allows a party to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss under Rule 12(b)(6) asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When a plaintiff "pleads [itself] out of court by making allegations sufficient to defeat the suit," dismissal under Rule 12 is appropriate. *Vincent*

*v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007). A copy of any written instrument that is an exhibit to a pleading is considered to be part of the pleading and may be considered in ruling on a motion to dismiss without converting the motion into a motion for summary judgment. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) (citing Fed. R. Civ. Pro. 10(c)).

> 2. *All Defendants*: *Claims one, two, three, five, six, seven, eight, ten, eleven, and twelve*

The *Rooker-Feldman* doctrine prohibits federal jurisdiction over claims seeking review of state court judgments "no matter how erroneous or unconstitutional the state court judgment may be." *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citation omitted). Application of the doctrine is limited to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *see also Kelley*, 548 F.3d at 603. In short, the doctrine prevents a party from effectively trying to appeal a state court decision to a federal district court. *Hukic v. Aurora Loan Services*, 588 F.3d 420, 431 (7th Cir. 2009). If the *Rooker-Feldman* doctrine applies, the Court must dismiss the suit for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Frederiksen v. City of Lockport*, 384 F.3d 437, 438-39 (7th Cir. 2004).

Here, as in *Coleman I*, the factual allegations in Mr. Coleman's Complaint appear to challenge the correctness of the underlying state-court proceedings regarding the Property.[2] This

---

[2] The Court underscores that, as described in greater detail in the subsequent section, Mr. Coleman went from being the "state-court loser" to the state-court winner when the tax deed was set aside and he regained ownership of the property. It is therefore not clear what injuries Mr. Coleman is alleging to have suffered.

Court already determined that claims based upon injuries flowing from the state-court judgment were barred by *Rooker-Feldman*, and the same is true regarding many of the claims raised here. *Coleman I*, 2015 WL 5432131, at *3. Specifically, claims one, two, three, five, six, seven, eight, ten, eleven, and twelve appear to depend on allegations regarding injuries flowing from the state-court judgment.

Claims one and two illustrate the infirmity of the claims falling within this group. An allegation within the heading of claim one states, "[t]his Claim is a direct attack on the Judgment and the process and failure to give proper Notice after and before the Judgment and the use of fraud in the Marion County Circuit Court." [Filing No. 1 at 18.] This is a very clear statement that Mr. Coleman intends to challenge the correctness of the prior state-court judgment, as he did in *Coleman I*. 2015 WL 5432131, at *3 ("…most of the injuries claimed by Coleman flow directly from the fact that he lost ownership of his Property, which was caused by the state court's judgment. The Court does not have subject matter jurisdiction over any claim—however, it is cast—that seeks to redress this injury."). Claim two alleges that Defendants "literally took Mr. Coleman's home and seized his personal property without due process and without proper notice and concealed this from Mr. Coleman." [Filing No. 1 at 19.] Again, these alleged injuries flow from the state court's judgment awarding a tax deed to the County, just as this Court has already determined. *Coleman I*, 2015 WL 5432131, at *3 ("[Mr.] Coleman appears to believe that his claims for damages based on the taking of the Property can proceed because he alleges that the Defendants committed fraud in order to obtain the state court judgment. [Mr.] Coleman's understanding of the *Rooker-Feldman* doctrine is too narrow. Fraud (no matter how described) does not permit a federal district court to set aside a state court's judgment in a civil suit.") (internal quotation and citation omitted).

9

As did the Court in *Coleman I*, the Court concludes that these claim are barred by *Rooker-Feldman* as arising from the adverse state-court judgment. Claims three, five, six, seven, eight, ten, eleven, and twelve suffer from the same defects. Therefore, as did the Magistrate Judge, the Court concludes that these claims are barred by *Rooker-Feldman* as to all Defendants.

### 3. The City: Claims four and nine

The factual allegations underlying claims four and nine involve the financial investment in and repairs to the Property that Mr. Coleman made during the time period that he was unaware that legal ownership of the Property had shifted. [Filing No. 1 at 21-22; Filing No. 1 at 25.] Claim four alleges that:

> Once Mr. Coleman's property was taken from him without Proper Notice on the 20th day of March 2014, he was not given notice until May 29, 2014 that his home was no longer his; this failure to give notice has cost Mr. Coleman $60,000.00 including labor, cost, and or material.

[Filing No. 1 at 21.] Claim nine alleges that:

> Here, Coleman was ambushed 4 to 5 years later with a Notice that he haven't been the owner since 2010 and or there was a judgment against his property; Mr. Coleman continued working on the home as if he owned it. He invested $70,000.00 into the property not knowing that several judicial proceedings were going on without him being present or even being notified.

[Filing No. 1 at 25.] The City contends that, as to it, these claims are barred by the doctrine of *res judicata*, because they have already been decided by this Court in *Coleman I*. [Filing No. 25 at 7-9.]

*Res judicata* "serves to prevent the litigation of matters that have already been litigated." *TacCo Falcon Point, Inc. v. Atlantic Ltd. Partnership XII,* 937 N.E.2d 1212, 1218 (Ind. Ct. App. 2010). *Res judicata* has two components: claim preclusion and issue preclusion. *Id.* Claim preclusion applies when the following four factors are present: "(1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the

10

merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies." *TacCo Falcon Point, Inc.,* 937 N.E.2d at 1218-19.

The Court need not belabor its discussion here, because claims four and nine are, verbatim, the same claims for which this Court granted summary judgment to the City in *Coleman I*. 2016 WL 7454459, at *3 ("Coleman's brief does mention the claims that are properly before this Court: … Once Coleman's property was taken from him without Proper Notice on the 20th day of March 2014, he was not given notice until May 29, 2014, that his home was no longer his; this failure to give notice has cost Coleman over $60,000.00 including labor, cost and or material. … Here, Coleman was ambushed 4 to 5 years later with a Notice that he haven't been the owner since 2010 and or there was a judgment against his property; Mr. Coleman continued working on the home as if he owned it. He invested $70,000.00 into the property not knowing that several judicial proceedings were going on without him being present or even being notified."). As to these two claims, all of the elements of claim preclusion are met: (1) the grant of summary judgment was rendered by a court of competent jurisdiction—this Court; (2) the former judgment was rendered on the merits; (3) the matter now at issue was determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit.

Claims four and nine against the City are therefore precluded by this Court's prior decision in *Coleman I*.

### 4. Individual Defendants: Claims four and nine

As to claims four and nine against the Individual Defendants, a host of issues require dismissal of those claims. First, those claims are based upon the money and time Mr. Coleman spent making improvements to the Property prior to the City giving Mr. Coleman notice that he

no longer retained an ownership interest. However, as a result of Mr. Coleman's litigation in state court, the Marion Circuit Court issued a ruling setting aside the tax deed, restoring Mr. Coleman's ownership interest. But Mr. Coleman does not assert an injury separate and apart from his time and money expenditures on the property while he was not the legal owner. As a matter of standing, Mr. Coleman must establish an injury that is redressable by a favorable ruling from this Court, and he has not done so. *See, e.g., Cornucopia Inst. v. United States Dep't of Agric.*, 884 F.3d 795, 796 (7th Cir. 2018) ("To demonstrate standing a plaintiff must identify an injury caused by the complained-of conduct and redressable by a judicial decision."). Based on the allegations in Mr. Coleman's Complaint, he has already been granted the relief he seeks as a result of the state court's favorable ruling regarding the tax deed.

In any event, this Court has already addressed the substance of Mr. Coleman's claims against the Individual Defendants, and the analysis it previously conducted remains valid as to this Complaint. In *Coleman I*, Mr. Coleman sought to amend his complaint to add Mr. Lichtenberger and Ms. Schneeman as defendants. Judge Lawrence concluded that the allegations raised by Mr. Coleman—which were identical to the allegations here—did not state plausible claims for individual liability as to those two defendants for acting outside the scope of their official capacity, and he denied Mr. Coleman's motion for leave to amend his complaint. As did Judge Lawrence, the Court concludes that Mr. Coleman's claims against the Individual Defendants must be dismissed for failure to state a claim.

**B. Motion to Amend Complaint**[3]

A motion to amend a pleading is considered a non-dispositive motion. *See Hall v. Norfolk S. Ry. Co.,* 469 F.3d 590, 595 (7th Cir. 2006). The district court should not modify or set aside a magistrate judge's ruling on a non-dispositive motion unless the ruling is contrary to law or the factual findings are clearly erroneous. *See Fed. R. Civ. P. 72(a)*. A finding is clearly erroneous when, after considering the entire record, the reviewing court has been definitely and firmly convinced that a mistake has been made. *See Kidd v. Illinois State Police,* 167 F.3d 1084, 1095 (7th Cir. 1999).

Leave to amend pleadings is to be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court may, however, deny leave to amend a complaint where amendment would be futile. *Bethany Pharmacal Co. v. QVC, Inc.,* 241 F.3d 854, 860-61 (7th Cir. 2001). Futility is measured by the capacity of the amended complaint to survive a motion to dismiss. *See Crestview Village Apts. v. U.S. Dep't of Housing & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). The Magistrate Judge concluded that Mr. Coleman's proposed amended complaint suffers from the same defects—jurisdictional and substantive—discussed above and that amendment would be futile. Mr. Coleman does not identify any specific legal or factual error in the Magistrate Judge's conclusion, and, having reviewed the proposed amended complaint, the Court does not find itself convinced that a mistake has been made.

In his Objection, however, Mr. Coleman contends that his proposed amended complaint raises claims in addition to those arising from the 2014/2015 property disputes. He argues that the

---

[3] Under Fed. R. Civ. P. (15)(a)(1)(B), a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Mr. Coleman did not file his Motion to Amend within 21 days after service of Defendants' Motion to Dismiss, so he relies on Fed. R. Civ. P. 15(a)(2), which allows a party to amend its pleading with the Court's leave.

13

Amended Complaint raises new property claims that have recently arisen as a result of City officials attempting again to take the property due to unpaid taxes and fees. [Filing No. 58 at 2.] The Court has reviewed the proposed Amended Complaint, and allegations regarding any current proceedings being brought against Mr. Coleman or the Property are sparse and difficult to discern. But even assuming those claims were discernable from the proposed Amended Complaint, amendment would nonetheless be futile.

First, Mr. Coleman acknowledges that he raised these "new" claims based on a misapprehension that the City's continued attempts to take the Property via tax sale would be claim-precluded by his prior favorable state court judgment. [Filing No. 58 at 2 ("Coleman was under the impression that Initial Process used to take his property would have been barred the Second time around. (Res judicata or claim preclusion[.]) Coleman was wrong per the Courts [sic] Order (Exhibit A)[.] With that said, "What's Good for the Goose is Good for the Gander.").] Mr. Coleman provides no other explanation as to the basis for a claim challenging the City's current actions regarding the Property. In fact, from the allegations in the proposed amended complaint, it is unclear whether any of the City's alleged actions have resulted in an injury that would be ripe for resolution. The Court agrees with the Magistrate Judge's conclusion that the amended complaint would not survive a motion to dismiss, and that amendment would therefore be futile.

Second, assuming the City's current actions mirror those in the first property dispute—which Mr. Coleman appears to allege—and assuming that this Court has jurisdiction over the claims raised here—which the City argues it does not—this Court would nonetheless choose to abstain from exercising its jurisdiction under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention "is an exception to the general rule that federal courts must hear and decide cases within their jurisdiction." *Mulholland v. Marion Cty. Election*

*Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (citing *Younger*, 401 U.S. at 37). "[P]rinciples of equity, comity, and federalism" are the foundation of the doctrine. *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). *Younger* provides "that federal courts should abstain from interfering with ongoing state judicial proceedings that are judicial in nature, involve important state interests, provide an adequate opportunity to raise federal claims, and do not contain special circumstances that would make abstention inappropriate." *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016).

State court property tax proceedings are judicial in nature. The ability to enforce a property tax judgment is an important state interest, and as Mr. Coleman knows from firsthand experience, Indiana state courts provide him with the opportunity to challenge such a judgment. Mr. Coleman has not argued that there are any special circumstances that would warrant the Court's consideration of a pending state court action, and the Court has not identified any.

For these reasons, the Court, denies Mr. Coleman's motion for leave to amend his complaint.

## IV.
### CONCLUSION

For the reasons described above, the Court **OVERRULES** Mr. Coleman's Objection to the Magistrate Judge's Report and Recommendations, and **ADOPTS AS MODIFIED** that report. [49]

As a result, the Court **GRANTS** Defendants' Motion to Dismiss, [24], and **DENIES** Mr. Coleman's Motion to Amend Complaint, [33]. Mr. Coleman's Complaint is therefore **DISMISSED WITH PREJUDICE**. Defendants' Motion to Transfer Case [23] is **DENIED AS MOOT**.

Final judgment shall issue by separate order.

Date: 5/7/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WAYDE COLEMAN
433 N Gibson Ave
Indianapolis, IN 46219

Tara Lynn Gerber
City of Indianapolis
tara.gerber@indy.gov

Grant E. Helms
OFFICE OF CORPORATION COUNSEL
grant.helms@indy.gov

Gregory J. Ullrich
HEALTH AND HOSPITAL CORP. OF MARION CO.
gullrich@hhcorp.org